ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EDUARDO RUBIO CARTAYA<br><br>Recurrido<br><br>v.<br><br>NANCY DOLORES MÉNDEZ GONZÁLEZ, NANCY CAROLINA DEVESA MÉNDEZ<br><br>Peticionarios | **KLCE202500514** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV05026 CONS. SJ2023CV007736<br><br>Sobre: Incumplimiento de contrato |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 23 de junio de 2025.

Comparecen ante este foro Nancy Dolores Méndez González (señora Méndez) y Nancy Carolina Devesa Méndez (señora Devesa) (en conjunto, "las peticionarias") y nos solicitan que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 19 de marzo de 2025. Mediante el referido dictamen, el foro primario denegó la moción instada por la señora Devesa solicitando se dejara sin efecto el remedio provisional concedido a favor del Sr. Eduardo Rubio Cartaya (señor Rubio o "el recurrido").

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

### I.

El 25 de mayo de 2023, el señor Rubio presentó una *Demanda* sobre incumplimiento contractual en contra de

---

[1] Ver Orden Administrativa OATA-2025-075 del 12 de mayo de 2025.

Número Identificador
RES2025 _____

las peticionarias.[2] En esencia, esbozó que el 16 de febrero de 2019, firmó un *Contrato de Arrendamiento* sobre el Apartamento C del Condominio Calle Italia 2027. Posteriormente, alegó que suscribió un contrato de opción de compra con la señora Méndez, con el fin de adquirir la titularidad de los Apartamentos C y E del Condominio, por la cantidad de $2,000,000.00. Esbozó que, desde el 4 de noviembre de 2022, el referido contrato quedó perfeccionado, sin que se pactaran condiciones suspensivas, puesto que, desde el momento en que la señora Méndez manifestó su oferta, el señor Rubio la aceptó.

No obstante, añadió que el 12 de abril de 2023, la señora Méndez le envió un mensaje a la pareja del señor Rubio, mediante el cual negó la existencia del acuerdo de compraventa previamente pactado. Consecuentemente, solicitó que se les ordenara a las peticionarias a otorgar las escrituras correspondientes para inscribir la titularidad y el dominio de las referidas propiedades a su favor.

El 14 de agosto de 2023, las peticionarias presentaron su *Contestación a Demanda y Reconvención*.[3] En esta, negaron la mayoría de las alegaciones expuestas en su contra y alegaron que hubo negociaciones para la compraventa de los apartamentos, pero que nunca llegaron a un acuerdo sobre el precio. En cuanto a la *Reconvención*, en esencia alegaron que el señor Rubio había ocupado la propiedad arrendada en exceso del término del contrato. Además, de provocar daños por rentas dejadas de recibir, al impedir y alejar a futuros

---

[2] *Demanda*, págs. 61-70 del apéndice del recurso.
[3] *Contestación a Demanda y Reconvención*, págs. 53-60 del apéndice del recurso.

arrendatarios, y la restitución del pago de honorarios de abogado.

Posteriormente, el 18 de septiembre de 2023, el señor Rubio presentó una *Moción de Remedios Provisionales de la Parte Demandante*.[4] Mediante la cual, solicitó los siguientes remedios:

(1) Una orden a ser anotada en el Registro de la Propiedad, prohibiendo la enajenación del **Apartamento E**, mientras la demanda instada por Rubio Cartaya sea finalmente dilucidada mediante sentencia, o hasta que de otro modo finalice el caso de epígrafe. Disponiéndose, que una vez que la orden sobre prohibición de enajenar sea emitida, Rubio Cartaya cederá voluntariamente la posesión del **Apartamento E** a la codemandada Méndez González, para que ésta, **si así lo interesa y consigue a un arrendatario**, proceda a alquilarlo por un término que no debe exceder de 2 años, o aquel que este Honorable Tribunal estime razonable, con periodos de renovación adicionales de un año a opción del arrendador. Disponiéndose, además, que en caso de que el apartamento sea arrendado, si previo a la culminación del contrato el Sr. Rubio Cartaya prevalece en su demanda o de otro modo formaliza su titularidad sobre ese inmueble, éste continuaría como arrendador bajo tal contrato de arrendamiento.

(2) Una orden a ser anotada en el Registro de la Propiedad, prohibiendo la enajenación del **Apartamento C**, mientras la demanda instada por Rubio Cartaya sea finalmente dilucidada mediante sentencia, o hasta que de otro modo finalice el caso de epígrafe.

(3) Una orden disponiendo, que, mientras la demanda instada por Rubio Cartaya sea finalmente dilucidada mediante sentencia, o hasta que de otro modo finalice el caso de epígrafe, Rubio Cartaya tiene derecho a conservar, retener y mantener la posesión del **Apartamento C**, por lo que debe ser respetado en tal posesión;

(4) Una orden disponiendo, que, mientras Rubio Cartaya mantenga la posesión del **Apartamento C** pendiente la adjudicación o resolución de sus reclamos en este pleito, éste continuará pagando por las utilidades, según las facturas sobre esos conceptos le sean notificadas, por lo que las demandadas

---

[4] *Moción de Remedios Provisionales de la Parte Demandante*, págs. 36-50 del apéndice del recurso.

deberán abstenerse de promover la interrupción de esos servicios esenciales.

(5) Una orden disponiendo, que, mientras Rubio Cartaya mantenga la posesión del **Apartamento C** pendiente la adjudicación o resolución de sus reclamos en este pleito, éste continuará pagando a Méndez González la cantidad de $2,700.00 mensuales, a ser acreditados como pagos al precio de venta de $2,000,000.00 si Rubio Cartaya prevalece en los reclamos de su demanda; o considerados como renta pagada, si finalmente el Honorable Tribunal resolviera el pleito a favor de la parte demandada.

En la misma fecha, el foro primario notificó una *Resolución y Orden*.[5] En esta, indicó que las partes con el aval del Tribunal se comprometían a las siguientes estipulaciones:

1-Parte demandante reconvenida entregará el apartamento E del Condominio Italia 2027 a la parte demandada reconviniente. El tribunal ordena que la demandada reconviniente no haga acto de enajenación del apartamento E durante el curso del presente caso. De alquilarse el apartamento E, la parte demandada reconviniente tiene que advertirle en el contrato de arrendamiento que el apartamento E es objeto del caso SJ2023CV05016 y está sujeto a las resoluciones y ordenes que emita el tribunal.

2-Parte demandante reconvenida permanecerá en el apartamento C del Condominio Italia 2027 y continuará pagándoles los cánones de arrendamiento a la parte demandada reconviniente durante el curso del presente caso. De adjudicarse la controversia a la parte demandante reconvenida en cuanto al apartamento C, el total de los cánones pagados será acreditado al precio de compraventa.

Luego de varios incidentes procesales, el 26 de febrero de 2025, las peticionarias presentaron una *Moción Solicitando se deje sin efecto Remedio Provisional concedido a favor del Demandante y Solicitando Orden*.[6] En esencia, alegaron que el remedio

---

[5] *Resolución y Orden*, págs. 34-35 del apéndice del recurso.
[6] *Moción Solicitando se deje sin efecto Remedio Provisional concedido a favor del Demandante y Solicitando Orden*, págs. 15-21 del apéndice del recurso.

provisional concedido al recurrido se había tornado en un perjuicio indebido y oneroso. Señalaron que, el foro primario lo que debió realizar fue prohibir la enajenación del apartamento, en lo que se dilucidaba el pleito. Por ello, sostuvieron que era un error de derecho mantenerlas fuera de la propiedad, mientras el señor Rubio continúa utilizando la propiedad. Así pues, solicitaron que fuera dejado sin efecto el remedio provisional y se declarara con lugar el desahucio.

El 18 de marzo de 2025, el señor Rubio presentó su *Oposicion a Moción Solicitando que se deje sin efecto Remedio Provisional concedido a favor del Demandante*.[7] Mediante esta, planteó que la orden emitida por el Tribunal fue producto de unas estipulaciones que contaron con el aval del tribunal; que las peticionarias no solicitaron una reconsideración oportuna; y que la *Resolución y Orden* emitida por el foro recurrido constituía la ley del caso, por lo que, no se podía relitigar el asunto.

Evaluadas las mociones, el 19 de marzo de 2025, el foro primario notificó la *Orden* recurrida, en la cual declaró *No Ha Lugar* la moción instada por las peticionarias, adoptando como fundamento, los planteamientos esbozados por el señor Rubio.[8]

Inconformes, el 9 de mayo de 2025, las peticionarias presentaron el recurso de epígrafe. En este, plantearon el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TPI E INCURRIÓ EN ABUSO PATENTE DE DISCRECIÓN AL CONCEDER UN REMEDIO PROVISIONAL AL RECURRIDO, A PESAR DE QUE EL MISMO NO GARANTIZA LA EFECTIVIDAD DE LA SENTENCIA, SEGÚN REQUIERE LA REGLA 56

---

[7] *Oposicion a Moción Solicitando que se deje sin efecto Remedio Provisional concedido a favor del Demandante*, págs. 9-14 del apéndice del recurso.
[8] *Orden*, pág. 8 del apéndice del recurso.

DE PROCEDIMIENTO CIVIL Y LA JURISPRUDENCIA INTERPRETATIVA Y SIN REQUERIR FIANZA, PRIVANDO A LA PARTE PETICIONARIA DE SU DERECHO AL DISFRUTE DE SU PROPIEDAD.

El 14 de mayo de 2025, emitimos una *Resolución* concediéndole a la parte recurrida quince (15) días, contados desde la fecha de presentación del recurso para que se expresara sobre los méritos del recurso.

Transcurrido el término dispuesto, procedemos a resolver sin la comparecencia del señor Rubio.

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además: *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez,* supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales

de instancia por medio del recurso discrecional del certiorari. *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de certiorari. *Torres González v. Zaragoza Meléndez,*

supra. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, nuestro Tribunal Supremo ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto

de la razonabilidad." *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago,* supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Es preciso comenzar por destacar que la *Orden* recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

En el caso de autos, las peticionarias alegan que incidió el foro primario al concederle al señor Rubio un remedio provisional, a pesar de que no se garantiza la efectividad de la sentencia, privándolas de su derecho al disfrute de su propiedad.

No obstante, luego de evaluar el recurso de epígrafe y a la luz de los criterios establecidos en nuestro Reglamento, *supra*, rechazamos ejercer nuestra jurisdicción revisora y variar el dictamen recurrido. Recalcamos que, nuestro Tribunal Supremo ha sido enfático en que, como foros revisores no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho.

Así las cosas, a base de un análisis cuidadoso de la totalidad del expediente, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, arbitraria o contraria a derecho. Por consiguiente,

procedemos a denegar la expedición del auto discrecional solicitado.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones